[No. 18484.   Department Two.   December 10, 1924.]

STATE BANK OF WILBUR, *Appellant*, v. ALMIRA FARMERS WAREHOUSE COMPANY, *Respondent*.[1]

WAREHOUSEMEN (5-1)—ADVANCES—RIGHT TO LIEN—STATUTES—CONSTRUCTION. A warehouseman has a lien upon wheat for the amount of advances, shown on the statement attached to and made a part of the warehouse receipts, where the advances were furnished to the grower prior to notice to the warehouseman of the purchase of the warehouse receipts, under an agreement that the advances were to be used in connection with the growing and marketing of the wheat, whether the advances were so used or not; in view of Rem. Comp. Stat., § 7001, providing for delivery of the wheat upon return of the warehouse receipts, properly indorsed, and "upon payment of all advances   .   .   .    therein named."

Appeal from a judgment of the superior court for Lincoln county, Truax, J., entered July 27, 1923, in favor of the defendants, dismissing in an action for conversion. Affirmed.

*C. M. N. Love*, for appellant.

*F. H. McDermont* and *Fred B. Morrill*, for respondent.

[1]Reported in 230 Pac. 817.

PEMBERTON, J.—A statement of the facts in this case is found in 123 Wash. 354, 212 Pac. 543, wherein a judgment was entered reversing the lower court and granting a new trial. From a judgment in favor of respondent upon the second trial, this appeal is taken. It is not necessary to restate the facts except wherein they are materially different from the facts found in the former opinion.

It is the contention of appellant that, "in order to be entitled to a lien on this wheat, the expenditures for which a lien was claimed must have been made for the benefit of the wheat while it was stored with respondent, or in transit in his care," under § 27 of the uniform warehouse act which reads as follows:

"Subject to the provisions of section 3616, a warehouseman shall have a lien on goods deposited or on the proceeds thereof in his hands, for all lawful charges for storage and preservation of the goods; also for all lawful claims for money advanced, interest, insurance, transportation, labor, weighing, coopering, and other charges and expenses in relation to such goods; also for all reasonable charges and expenses for notice, and advertisements of sale, and for sale of the goods, where default has been made in satisfying the warehouseman's lien." Rem. Comp. Stat., § 3613 [P. C. § 7167].

It is the contention that many of the supplies sold to Hansen were used by him prior to the time the wheat was marketed, and some of the supplies were used by him long after the wheat was marketed, and after the warehouse receipts were transferred to appellant, and therefore they were not lienable items.

It is the contention of respondent that the receipts given for the wheat stated the amount of advances and charges against the same, and when they were purchased by appellant, the purchaser would have no greater rights than Hansen, who had agreed that these

advances should be made and that they were to be a lien upon the wheat stored; and to support this contention respondent cites § 23 of ch. 189 of the session laws of 1919, p. 601, being § 7001, Rem. Comp. Stat., which reads as follows:

"Upon the return of the receipt to the proper warehouseman, properly indorsed, and upon payment or tender of all advances and legal charges, grain, hay or peas of the grade and quantity named therein shall be delivered to the holder of such receipt, within forty-eight hours after the facilities for receiving the same have been provided.    .    .    ."

Respondent contends that it is not material whether these advances to Hansen, shown in the statement attached to and made a part of the warehouse receipts, were furnished to Hansen and used by him in connection with the handling of the particular grain in question or not; that neither Hansen nor appellant could require the delivery of the wheat until they had paid the advances made by respondent, as provided in § 23, *supra*. Respondent further contends that all the supplies delivered by respondent to Hansen were delivered with the understanding that they were to be used in connection with the growing and marketing of the wheat in question.

It is admitted in this case that the appellant knew that respondent was claiming $2,525.29 due from Hansen at the time appellant purchased the warehouse receipts. As was said in the case of *State ex. rel. Broadwater Farms Co. v. Broadwater Elevator Co.*, 61 Mont. 215, 201 Pac. 687:

"The receipts on their face show that the grain stored is charged with the amount of 'cash    .    .    .    furnished,' and neither the original holder nor his assignee could compel the return of the grain without returning the money so advanced, with interest thereon."

The rule laid down in Cyc. is that:

"The assignee of a warehouse receipt, whether negotiable or not, is entitled to the goods freed from liability for advances or other claims of the warehouseman against his assignor that are not shown on the receipt and of which the assignee did not have notice; but his rights in the goods are subject to all claims of the warehouseman of which he had notice at the time of the transfer, or with knowledge of which he is chargeable by the terms of the receipt, or by the law." 40 Cyc. 419.

Section 23, *supra* (§ 7001, Rem. Comp. Stat.), providing that the grain shall be delivered to the holder of the receipt within forty-eight hours upon the payment of all advances and legal charges, is in harmony with the general law upon that subject. Respondent was entitled to the repayment of the amounts advanced to Hansen up to the time of the receipt of the notice from appellant that appellant had purchased the warehouse receipts.

It appearing that all the advancements made by respondent to Hansen were made prior to the 22nd day of February, 1921, the date of the notice to respondent of the purchase of the receipts by appellant, respondent was entitled to retain possession of the wheat until all of the advances were fully paid.

The judgment of the trial court will be affirmed.

MAIN, C. J., FULLERTON, MITCHELL, and BRIDGES, JJ., concur.